Opinion
 

 BEST, P. J.
 

 Defendant Mario Steven Howington was charged by information of one count of sale of “A Controlled Substance, to Wit: Rock Cocaine, in Violation of Health and Safety Code Section 11352, A FELONY.”
 
 [1]
 
 The jury returned a verdict finding defendant “guilty of Felony, to wit: Sell Narcotic Controlled Substance, in violation of Section 11352 of the Health and Safety Code, as charged in the first count of the information.” The trial court determined that this was not an unusual case, denied probation and sentenced defendant to the aggravated term of five years in prison. On appeal defendant contends, relying on our recent decision in
 
 People
 
 v.
 
 Adams
 
 (1990) 220 Cal.App.3d 680 [269 Cal.Rptr. 479], that there is no substantial evidence to support his conviction for “Sale of Cocaine Base or ‘Rock’ Cocaine,” because the prosecution only proved he sold “cocaine” and reversal of his conviction is required. Alternatively, he contends the case must be remanded to allow the trial court to exercise its discretion in considering whether to grant or deny probation. For reasons stated below, we affirm the judgment in its entirety.
 

 Statement of Facts
 

 On August 25, 1989, Kern County Deputy Sheriff Joslin, Reserve Deputy Pierucci, and others were engaged in a buy-bust program in Bakersfield. Pierucci drove to the target area to purchase cocaine. Joslin and Officer Castro surveilled the area from a nearby alley. Pierucci parked at the side of the road. Two minutes later, defendant approached Pierucci’s vehicle. Pierucci told defendant he was looking for some work which was the local slang for cocaine. Defendant yelled to a passing truck which pulled over. Defendant spoke with the driver of the truck then returned to Pierucci’s vehicle and handed the officer a white, rocky substance which “appeared to
 
 *583
 
 be rock cocaine.” Pierucci drove to a prearranged location and gave the rocky substance to Joslin. Joslin conducted a Valtox test on the substance and got a presumptive positive for the presence of cocaine. When asked to identify the material (People’s exhibit 1) at trial, Officer Joslin stated it did not look familiar. “. . . When I got this it was a harder rock. It appears that the lab in testing it has crushed it. The rock cocaine is a soft substance that when handled sometimes falls apart."
 

 Criminalist Diane Matthias analyzed what she described as “an off white chunk” weighing 0.30 grams. When asked, “Is the analysis you do on the powder form of cocaine and rock cocaine the same,” Ms. Matthias answered, “Virtually the same. Very close.” She described the various tests she performed and concluded the tests indicated the “presence of cocaine.”
 
 [2]
 
 She was never asked and did not testify that the substance she analyzed contained cocaine base. At one point she used the term “rock cocaine" to describe the substance, but appeared to be using those words to describe the substance’s physical state rather than its chemical character:
 

 “[District Attorney] Q: Could you describe what that test is for us, please.
 

 “[Matthias] A: That entails taking another small portion, and—actually two portions in this case because it was chunk or rock cocaine. I then extracted that into a solvent. . . .” When asked, “what would your opinion be of the substance that you tested of what it is,” she responded, “In my opinion, the substance contained cocaine.”
 

 Discussion
 

 1.
 
 There is no evidence, substantial or otherwise, that defendant sold cocaine base, but defendant was convicted of sale of “cocaine" not “cocaine base. ”
 

 The underlying premise for defendant’s claim of entitlement to a reversal of his conviction is that he was convicted of sale of cocaine base in violation of section 11352. Simply put, his premise is incorrect. It is clear from the record, and respondent agrees, that:
 

 (1) defendant was charged with sale of “rock cocaine”;
 

 
 *584
 
 (2) the evidence established that the substance sold by defendant contained “cocaine,” not “cocaine base”;
 

 (3) the jury was instructed “Every person who sells ... a controlled substance, namely rock cocaine, is guilty of the crime of violation of Section 11352 of the Health and Safety Code”; and
 

 (4) the jury found defendant guilty of “Sell Narcotic Controlled Substance, in violation of Section 11352 of the Health and Safety Code, as charged in the first count of the information.”
 

 It necessarily follows that defendant was convicted of sale of “cocaine” and not sale of “cocaine base” and the conviction must be affirmed.
 

 In his opening brief defendant incorrectly assumes that “rock cocaine” is the legal equivalent of “cocaine base” by stating, “Further, this court noted that ‘rock cocaine’ was synonymous with cocaine base” and citing to page 687 of our opinion in
 
 People
 
 v.
 
 Adams, supra,
 
 220 Cal.App.3d 680. In
 
 Adams
 
 at page 687 we actually stated:
 

 “It is true that Officer Clerico in his testimony used the terms ‘cocaine base,’ ‘rock cocaine,’ and ‘crack’ interchangeably and he also referred to the substance in the two baggies possessed by defendant as ‘what I believed to be rock cocaine.’ However, the officer was not qualified as an expert in the identification of cocaine or cocaine base, but rather as an expert in the possession of rock cocaine for sale. Moreover, Officer Clerico never testified regarding making any chemical tests or chemical analysis of the substance found in defendant’s possession.” We also quoted portions of the Attorney General’s brief wherein it was stated, “ ‘Assuming the two terms are synonymous, . .
 
 (Adams, supra,
 
 220 Cal.App.3d at p. 689) and “ ‘It is submitted that the uncontradicted testimony of Officer Clerico shows the two terms are synonymous.’ ”
 
 (Id.
 
 at p. 690.) However, after reviewing the legislative history, we had pointed out that the Legislature regards cocaine base as a controlled substance separate and distinct from all other forms of cocaine. (220 Cal.App.3d at pp. 685-687.)
 

 While it may well be true that rock cocaine is the common or street term for cocaine base, the term rock cocaine is nowhere used in the statutes of this state establishing what are controlled substances or proscribing their use, possession, or sale. And, as the Attorney General correctly points out, “In the case at bench, while there were numerous references to ‘rock’ cocaine, there were also references to ‘roast’ or ‘bunk’ and ‘powder’ cocaine. There was no tie in with ‘cocaine base’; nothing to show the ‘rock cocaine’ and ‘base
 
 *585
 
 cocaine’ are synonymous terms or that ‘rock’ cocaine is a more potent form of cocaine.”
 

 Here, as previously noted, defendant was charged with sale of a controlled substance, “rock cocaine,” in violation of section 11352. He contends the only evidence produced at trial that he sold “rock cocaine” was assertions by officers involved in the sale that the substance appeared to be rock cocaine; neither officer was qualified as an expert in the identification of rock cocaine or cocaine base; further, Diane Matthias, who was qualified as an expert in the identification of controlled substances, testified only that the substance contained “cocaine.” While defendant’s contentions are correct, and not disputed by the Attorney General, that does not mean he is entitled to a reversal of his conviction.
 

 In evaluating the sufficiency of the evidence on appeal, we must view the whole record in the light most favorable to the judgment below and presume in support of the judgment every fact which the trier of fact could reasonably deduce from the evidence.
 
 (People
 
 v.
 
 Johnson
 
 (1980) 26 Cal.3d 557, 578 [162 Cal.Rptr. 431, 606 P.2d 738, 16 A.L.R.4th 1255].) Before the judgment may be set aside for insufficiency of evidence, it must clearly be shown that upon no hypothesis whatever is there substantial evidence.
 
 (People
 
 v.
 
 Redmond
 
 (1969) 71 Cal.2d 745, 755 [79 Cal.Rptr. 529, 457 P.2d 321].) Substantial evidence is evidence that is reasonable, credible, of solid value and reasonably inspires confidence in the judgment.
 
 (People
 
 v.
 
 Green
 
 (1980) 27 Cal.3d 1, 55 [164 Cal.Rptr. 1, 609 P.2d 468].)
 

 In
 
 People
 
 v.
 
 Adams, supra,
 
 220 Cal.App.3d 680, we held that evidence a defendant possessed “cocaine” for sale was not substantial evidence to support his conviction for possession for sale of “cocaine base” in violation of section 11351.5.
 
 (Adams, supra,
 
 at pp. 687-688.) We reasoned that the statutes distinguish between cocaine base and other forms of cocaine. Cocaine base is a schedule I controlled substance (§ 11054, subd. (f)(1)), while other forms of cocaine are schedule II controlled substances (§ 11055, subd. (b)(6)).
 
 (Adams, supra,
 
 at pp. 685-686.) The penalty for possession for sale of cocaine base is higher than for possession for sale of all other forms of cocaine. (§§ 11351.5, 11351;
 
 Adams, supra,
 
 at pp. 686-687.) Further, there is a chemical difference between cocaine base and cocaine hydrochloride. (220 Cal.App.3d at p. 687.)
 
 [3]
 

 
 *586
 
 In viewing the sufficiency of the evidence presented at Adams’s trial, we noted that although the arresting officer referred to the substance seized as rock cocaine throughout his testimony, he was not qualified as an expert in the identification of cocaine or cocaine base. In addition, he did not testify to making any chemical analysis of the substance found in defendant’s possession. Nor did he testify that physical appearance alone was a sufficient basis for the identification of a substance containing “cocaine base” as opposed to a substance containing “cocaine” as those terms are used in sections 11054, subdivision (f)(1), and 11055, subdivision (b)(6).
 
 (People
 
 v.
 
 Adams, supra,
 
 220 Cal.App.3d at pp. 687-688.) A criminalist testified the substance Adams possessed contained “some cocaine.”
 
 (Id.
 
 at p. 684.) Thus, while the evidence was sufficient to establish Adams possessed some form of cocaine, it was insufficient to establish he possessed cocaine base and, therefore, insufficient to support his conviction for a violation of section 11351.5.
 
 (Adams, supra,
 
 at p. 688.)
 

 People
 
 v.
 
 Adams
 
 is not dispositive of this case because it is distinguishable in two respects. First, Adams was charged with and convicted of a violation of section 11351.5 which proscribes possession for sale of cocaine base only. It does not include any other form of cocaine within its ambit, On the other hand, defendant was charged with and convicted of a violation of section 11352 which proscribes the sale of both cocaine and cocaine base.
 

 Second, defendant was charged with sale of “rock cocaine,” not cocaine base. The evidence presented at trial established that he sold Officer Pierucci a rock-like or chunky substance which contained cocaine. The jury was instructed that to find defendant guilty of a violation of section 11352, they must find that he sold “rock cocaine.” Finally, the verdict form read, “We, the jury. . . find the defendant . . . guilty of Felony, to wit: Sell Narcotic Controlled Substance, in violation of Section 11352 ... as charged in the first count of the information.” Unlike the
 
 Adams
 
 case, the evidence at trial here established that defendant committed the offense charged. The information could have been more specific by using the statutory language of either “cocaine” or “cocaine base” instead of “rock cocaine.” However, since defendant did not demur to the information or otherwise object in the trial court to the adequacy of the notice received, he waived any objection.
 
 (People
 
 v.
 
 Carbonie
 
 (1975) 48 Cal.App.3d 679, 691 [121 Cal.Rptr. 831].)
 

 Defendant’s situation is analogous to that in
 
 People
 
 v.
 
 Gelardi
 
 (1946) 77 Cal.App.2d 467 [175 P.2d 855], where the appellant, a pharmacist, sold
 
 *587
 
 morphine tablets without a written prescription.
 
 (Id.
 
 at p. 470.) Appellant was charged with unlawfully selling “a narcotic, to-wit: Opiates, in violation of Section 11160, Health and Safety Code.”
 
 (Id.
 
 at p. 471.) He was convicted of four counts of violating section 11160.
 
 (Id.
 
 at p. 469.) Section 11160 read: “ . . no person shall . . . sell ... a narcotic except upon the written prescription of a physician . . . ”
 
 (Ibid.)
 
 Section 11001 defined narcotics as “any of the following: (a) Cocaine, (b) Opium, (c) Morphine, (d) Codeine, (e) Heroin, (f) Alpha eucaine. (g) Beta eucaine. (h) Chloral hydrate, (i) all parts of the plant loco weed or of the plant cannibis sativa. . . .”
 

 Appellant challenged his conviction on the ground the accusation did not show that the substance sold was any one of the nine narcotics within the definition of section 11001. The court responded:
 

 “The way in which this information was drafted has invited this attack. The appellant was arrested for selling
 
 morphine.
 
 Instead of simply accusing him of selling a narcotic, to wit,
 
 morphine
 
 the pleader used the words ‘a narcotic, to wit: Opiates,’ thereby following a general term with another broad and indefinite term. While an opiate is defined ... as ‘Any medicine containing, or derived from, opium . . .’ it is also there defined as ‘Anything that induces rest or inaction; that which quiets uneasiness.’ The ‘specification’ of
 
 opiates
 
 adds nothing whatever to the information and it may be treated as mere surplusage ....
 

 “However, without any specification of either opiates or morphine the accusation is sufficient, for it follows the language of the statute, and nothing beyond that is required in the absence of a special demurrer [citations].”
 
 (People
 
 v.
 
 Gelardi, supra,
 
 77 Cal.App.2d at pp. 471-472, italics in original.)
 

 Likewise, in this case, the pleader’s use of “rock” before “cocaine,” is without legal significance because the term “rock cocaine” is not specified as a controlled substance. The term adds nothing to the section 11352 violation allegation and may be treated as surplusage. Moreover, since the allegation follows the language of section 11352, it is sufficient absent a special demurrer.
 

 Finally, defendant does not claim he was prejudiced by any lack of specificity in the pleading. A judgment cannot be affected by any pleading defect which does not prejudice a substantial right of the defendant upon the merits. (Pen. Code, § 960.)
 

 Since the evidence is sufficient to support defendant’s conviction for sale of rock-like cocaine in violation of section 11352, the offense with which he was charged, his conviction must be affirmed.
 

 
 *588
 
 2.
 
 Remand is not required.
 

 In sentencing defendant, the trial court, apparently agreeing with the report of the probation officer that Penal Code section 1203.073, subdivision (b)(7)
 
 [4]
 
 applied, noted that defendant was ineligible for probation unless unusual circumstances were shown. The court then stated, “The Court: . . . After reviewing the criteria, the Court is of the determination this is not an unusual case within that classification and accordingly, probation will not be granted to this defendant.” Inasmuch as defendant was not convicted of sale of cocaine base, the trial court erred in believing probation could be granted only upon a finding that this was an “unusual case.” Although the court stated reasons for determining this was not an unusual case, it failed to otherwise expressly state reasons for denying probation. This was error, but, under the circumstances, remand is not required. The trial court found only one mitigating factor, “defendant had completed a prior previous parole term.” The court then stated:
 

 “The Court: ... In regard to aggravation, the Court has considered those factors as follows: Under Rule 423, that the defendant has served a prior prison term. He was on probation at the time of the commission of this offense; likewise, that his prior performance on probation has not been satisfactory and that the defendant has also had numerous prior convictions as an adult.
 

 “After considering the circumstances in mitigation and aggravation, the Court is of the opinion the aggravating circumstances far outweigh those in mitigation.” Defendant does not challenge the above findings upon which the court imposed the upper term of five years. “An adequate statement of reasons for imposing the aggravated term implicitly includes reasons for denying probation. [Citations.]”
 
 (People
 
 v.
 
 Brandt
 
 (1987) 191 Cal.App.3d 143, 147-148, fn. 3 [236 Cal.Rptr. 258].)
 

 Disposition
 

 The judgment is affirmed.
 

 Ardaiz, J., and Thaxter, J., concurred.
 

 [1]
 

 All statutory references are to the Health and Safety Code unless otherwise indicated.
 

 [2]
 

 Infrared spectography and gas chromotography tests show the presence of cocaine base.
 
 (United States
 
 v.
 
 Barnes
 
 (1st Cir. 1989) 890 F.2d 545, 548.) In this case, Matthias conducted two microcrystalline tests and a thin layer chromotography test which, she reported, indicated the presence of cocaine. The record does not indicate whether these tests would indicate the presence of cocaine base as distinguished from other forms of cocaine.
 

 [3]
 

 In
 
 People
 
 v.
 
 Howell
 
 (1990) 226 Cal.App.3d 254 [276 Cal.Rptr. 454], the court further explained the difference between cocaine hydrochloride and cocaine base: “Cocaine hydrochloride is a hydrochloride salt of cocaine and a water soluble form of cocaine which is normally ingested nasally. [Citations.] In order to make rock or crack cocaine, cocaine
 
 *586
 
 hydrochloride is generally treated with ammonia or baking soda and water. Cocaine base or crack is simply cocaine hydrochloride after the hydrochloride is removed from the cocaine during the heating process. [Citation.] One court noted: ‘Cocaine hydrochloride is water soluble, formed in crystals or flakes, and generally snorted by users. Cocaine base is not water soluble, concentrated in a hard rock-like form, and generally smoked.’ [Citations.]”
 
 (Id.
 
 at pp. 260-261.)
 

 [4]
 

 That section precludes probation except in an unusual case for “Any person who is convicted of violating Section 11352 ... by selling . . . cocaine base as specified in paragraph (1) of subdivision (f) of Section 11054 ....’’