[No. B158771. Second Dist., Div. Six. June 12, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
SCOTT RYAN RAMIREZ, Defendant and Appellant.

**COUNSEL**

Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Mary

Sanchez and Herbert S. Tetef, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**YEGAN, Acting P. J.**—Scott Ryan Ramirez appeals following his guilty pleas to gross vehicular manslaughter (Pen. Code, § 191.5, subd. (a)), and leaving the scene of an accident (Veh. Code, § 20001, subds. (a), (c)).[1] The trial court sentenced appellant to the lower term of four years for the gross vehicular manslaughter and a mandatory consecutive term of five years for leaving the accident scene.

Appellant contends the trial court erred by imposing this latter term because the felony complaint did not specifically allege subdivision (c) of section 20001 or provide appellant adequate notice of the mandatory consecutive five-year term. He argues that the mandatory consecutive five-year term was "unauthorized by law," an error that can be raised for the first time on appeal. (*People v. Scott* (1994) 9 Cal.4th 331, 354 [36 Cal.Rptr.2d 627, 885 P.2d 1040].) He does not pray for general reversal and the withdrawal from the negotiated disposition. He asks that we strike the mandatory consecutive five-year term and remand for resentencing pursuant to the lesser sentence scheme of section 20001, subdivision (b).

As we shall explain, appellant's contention shrinks to a pleading point that cannot successfully be advanced for the first time on appeal. Appellant did not demur or raise any objection to the accusatory pleading in the trial court. The felony complaint, the felony disposition statement, the oral plea proceedings, and the probation report provided him with adequate notice of the mandatory consecutive five-year term. Accordingly, we affirm. We hasten to state the obvious: If we had any doubt that appellant was misled by the trial court, we would grant some type of relief.

*Facts*

After spending the afternoon getting drunk with a friend, appellant drove his truck at high speeds on Ventura Avenue. As he approached the intersection of Ventura Avenue and Warner Street, 51-year-old Linda Brandon was crossing Ventura Avenue in a marked crosswalk. Northbound and southbound traffic had stopped for her. Appellant entered a left-hand turn lane about 200 yards before the intersection, driving past several stopped vehicles at a speed of about 40 miles per hour. He entered the intersection, striking

---

[1] All statutory references are to the Vehicle Code unless otherwise stated.

Brandon head-on and throwing her body more than 100 feet from the point of impact. Appellant drove his pickup truck over her body while fleeing the scene. Brandon died as a result of the massive injuries inflicted by appellant. Appellant was arrested within minutes with a blood-alcohol level of .13 percent. He later told a probation officer that he "blacked out" while driving and, although he heard a "thump," he did not know that he hit Brandon until he was in jail.

### Procedural History

A felony complaint filed against appellant alleged in count 1 that he committed gross vehicular manslaughter while intoxicated, in violation of Penal Code section 191.5, subdivision (a). Count 2 alleged that "the crime of LEAVING THE SCENE OF AN ACCIDENT, in violation of Vehicle Code [section] 20001 (a), a Felony, was committed by SCOTT RYAN RAMIREZ, who did unlawfully, and knowingly, being a driver of a vehicle involved in an accident resulting in injury to a person other than himself/herself, fail, refuse, and neglect to give to the injured person and to a traffic and police officer at the scene of the accident his/her name and address, the registration number of his/her vehicle, and the name of the owner of said vehicle; to exhibit his/her operator's license; to render reasonable assistance to the injured person; and perform the duties specified in Vehicle Code Sections 20003 and 20004."[2]

About one month later, appellant signed a felony disposition statement in which he pleaded guilty to "Count 1 - Felony Gross Vehicular Manslaughter while intoxicated[,] a violation of Vehicle Code [*sic*, Pen. Code,] § 191.5(a), [and] Count 2 - Felony leaving the scene of an accident in violation of Vehicle Code § 2001 [*sic*, 20001] (a) & (*c*)." (Italics added.) In the same document, appellant acknowledged that he "could be sentenced to the state prison for a maximum possible term of 15 year(s)." At the change of plea hearing, held on the same day, appellant orally affirmed his understanding of the "consequences of pleading guilty today, including the maximum possible exposure of 15 years in prison[.]"

At the sentencing hearing, appellant did not argue that the mandatory consecutive five-year term, specified by section 20001, subdivision (c) was not applicable because the felony complaint contained no express reference to that subdivision.

---

[2]The complaint did not refer to any punishment section for leaving the scene of an accident. That is to say, there is no express reference to the mandatory consecutive five-year term of section 20001, subdivision (c) or the two-year, three-year, or four-year term of subdivision (b). Where the prosecutor seeks the greater penalty, notice should be given in the complaint. (§ 20001, subd. (c); Pen. Code, § 1170.11.)

*Section 20001*

Section 20001, subdivision (a) provides: "The driver of any vehicle involved in an accident resulting in injury to any person, other than himself or herself, or in the death of any person shall immediately stop the vehicle at the scene of the accident and shall fulfill the requirements of Sections 20003 and 20004." Subdivision (b) of the statute provides that a violation of this duty may be punished by a prison term of two years, three years, or four years. Subdivision (c) provides for a mandatory, consecutive term of five years when a person "flees the scene of the crime after committing a violation of [Penal Code] Section 191.5 . . . ." Subdivision (c) further provides: "This additional term shall not be imposed unless the allegation is charged in the accusatory pleading and admitted by the defendant or found to be true by the trier of fact."

*Pleading Irregularity*

■ At no time below did appellant demur or otherwise object to the felony complaint on the ground that it lacked specificity or failed to provide adequate notice that he was subject to the mandatory consecutive five-year term of subdivision (c), rather than the lesser penalty scheme of section 20001, subdivision (b). He did not express surprise or claim inadequate notice when he signed a written plea agreement expressly stating that he was pleading guilty to a violation of section 20001, *subdivision (c).* He did not express surprise when he was orally advised at the change of plea proceedings. He did not express surprise when the probation report stated that he was to receive a consecutive five-year term for count two. Nor did appellant raise a notice objection at the sentencing hearing when the trial court stated it would impose the five-year sentence pursuant to section 20001, subdivision (c). From these events, the inference is compelling that appellant was not misled or surprised by the consecutive five-year term.

■ "[T]he failure to demur [or object] to an indictment which does not state the particulars of an offense with sufficient clarity is a waiver of the defects [citations]." (*People v. Rivers* (1961) 188 Cal.App.2d 189, 195 [10 Cal.Rptr. 309].) ■ Here, appellant did not demur or otherwise object to any asserted lack of notice. He has waived the issue on appeal. (*People v. Bright* (1996) 12 Cal.4th 652, 671 [49 Cal.Rptr.2d 732, 909 P.2d 1354] ["where defendant failed to object at trial to the adequacy of the notice he received any such objection is deemed waived"]; *People v. Howington* (1991) 233 Cal.App.3d 1052, 1058 [284 Cal.Rptr. 883].)[3]

---

[3]There is nothing novel about this well-settled principle. Witkin has collected the cases and states the general rule and its exception as follows: "An appellate court will ordinarily not

██ Our Supreme Court has recently explained the rationale for the waiver rule: "[W]ith certain exceptions, an appellate court will not consider claims of error that could have been—but were not—raised in the trial court. . . . It is both unfair and inefficient to permit a claim of error on appeal that, if timely brought to the attention of the trial court, could have been easily corrected or avoided." (*People v. Vera* (1997) 15 Cal.4th 269, 275-276 [62 Cal.Rptr.2d 754, 934 P.2d 1279]; see also *People v. Jenkins* (2000) 22 Cal.4th 900, 1000 [95 Cal.Rptr.2d 377, 997 P.2d 1044].) ██ Here, this rationale is particularly compelling: demurrer or objection would have resulted in an amendment to the felony complaint. Thus, notice of the mandatory consecutive five-year sentence would have been given with even greater specificity. (See also *People v. Saunders* (1993) 5 Cal.4th 580, 589-590 [20 Cal.Rptr.2d 638, 853 P.2d 1093].) A defendant may not speculate on the result of a sentencing hearing and then, in the face of an unfavorable result, seize upon theoretical uncertainty in the accusatory pleading to lessen his sentence on appeal. (See *People v. Jennings* (1991) 53 Cal.3d 334, 357 [279 Cal.Rptr. 780, 807 P.2d 1009].)

By entering into the negotiated disposition, both the People and appellant bargained for "vulnerability to a term of punishment" of up to 15 years in prison. (*People v. Collins* (1978) 21 Cal.3d 208, 215 [145 Cal.Rptr. 686, 577 P.2d 1026]; *In re Blessing* (1982) 129 Cal.App.3d 1026, 1030 [181 Cal.Rptr. 590].) At oral argument, counsel asked that we reverse and remand for resentencing requiring the trial court to select either the two-year, three-year, or four-year term specified by section 20001, subdivision (b). (See *ante*, p. 995.) This prayer is quite specific and for good reason. As Dickens would say, appellant knows he is "as dead as a door-nail" on the facts and law if we were to vacate the negotiated disposition. (Dickens, A Christmas Carol (Stewart, Tabori & Chang 1990) p. 7.) Appellant can only "win" if, somehow, we declare that the People, through poor pleading, have forever waived the mandatory consecutive five-year term. As Justice Mosk so eloquently stated: "This is bounty in excess of that to which he is entitled." (*People v. Collins, supra,* 21 Cal.3d at p. 215.) Both the People and a defendant must honor the terms of a negotiated disposition. (*In re Troglin* (1975) 51 Cal.App.3d 434, 438 [124 Cal.Rptr. 234].)

Finally, we observe that article VI, section 13 of the California Constitution precludes reversal for "any error as to any matter of pleading" unless the

---

consider procedural defects or erroneous rulings in connection with relief sought or defenses asserted, where an objection could have been, but was not, presented to the lower court by some appropriate method. [Citations.]" (9 Witkin, Cal. Procedure (4th ed. 1997) Appeal, § 398, p. 444.) "The rule that the appellate court will not consider points not raised below . . . is limited to matters involving only the rights and interests of the litigant that could have been cured in the trial court." (*Id.*, p. 450.) As indicated by Witkin's internal citations, these rules have the imprimatur of the California Supreme Court.

error has resulted in a miscarriage of justice. (*People v. Superior Court (Zamudio)* (2000) 23 Cal.4th 183, 194-195 [96 Cal.Rptr.2d 463, 999 P.2d 686].) Here there has been no miscarriage of justice. Appellant received the minimum sentence which can be imposed for committing gross vehicular manslaughter while intoxicated and leaving the scene of an accident. From the uncontradicted facts, it is not reasonably probable that appellant can obtain a more favorable result if we were to reverse. (*People v. Cahill* (1993) 5 Cal.4th 478, 492 [20 Cal.Rptr.2d 582, 853 P.2d 1037].) Indeed, we go further. Given the uncontradicted facts, there is no conceivable way that appellant can obtain a more favorable result if we were to reverse.

### *Adequate Notice*

It is a fundamental principle of due process that "one accused of a crime must be 'informed of the nature and cause of the accusation.' (U.S. Const., Amend. VI.)" (*People v. Thomas* (1987) 43 Cal.3d 818, 823 [239 Cal.Rptr. 307, 740 P.2d 419].) This requirement is satisfied when the accused is advised of the charges against him so that he has a reasonable opportunity to prepare and present a defense and is not taken by surprise by the evidence offered at trial. (*Ibid.*; see also *People v. Lohbauer* (1981) 29 Cal.3d 364, 368 [173 Cal.Rptr. 453, 627 P.2d 183].)

California's liberal pleading rules provide that a felony complaint is sufficient "if it contains in substance, a statement that the accused has committed some public offense therein specified. Such statement may be made in ordinary and concise language without any technical averments or any allegations of matter not essential to be proved. It may be in the words of the enactment describing the offense or declaring the matter to be a public offense, or in any words sufficient to give the accused notice of the offense of which he is accused." (Pen. Code, § 952.) There is "no requirement that the statute which the accused is charged with violating be designated by number, and even a reference to the wrong statute has been viewed of no consequence . . . ." (*People v. Schueren* (1973) 10 Cal.3d 553, 558 [111 Cal.Rptr. 129, 516 P.2d 833].) A mistake in designating the statute on which a charge is based or in naming an offense is " 'immaterial unless the defendant is misled thereby . . . .' " (*People v. Winning* (1961) 191 Cal.App.2d 763, 768 [12 Cal.Rptr. 885].) Consistent with this authority, we may not conclude that a complaint is insufficient, or set aside a guilty plea or sentence unless we first determine that a "defect or imperfection in matter of form" has "prejudice[d] a substantial right of the defendant upon the merits." (Pen. Code, § 960.)

Here, the felony complaint specifically alleges that appellant committed gross vehicular manslaughter while intoxicated, and that he left

the scene of that incident in violation of section 20001. It thus alleges every fact necessary to place appellant on notice that he is subject to the mandatory consecutive five-year term under section 20001, subdivision (c). Although it is better practice, the People were not required to allege the specific subdivision of the statute that appellant violated, per se, so long as the complaint contained "words sufficient to afford notice to [appellant] of the offense charged . . . ." (*People v. Bright, supra,* 12 Cal.4th at p. 670.) The complaint here served that function.

Any doubt appellant might have had concerning the applicability of section 20001, subdivision (c) should have dissipated when he read the written felony disposition statement which expressly stated that he was pleading guilty to leaving the scene of an accident and that subdivision (c) was implicated. It also noted that his maximum prison sentence would be 15 years, a sentence that could only be arrived at by imposing the 5-year term mandated by section 20001, subdivision (c).[4]

Section 20001, subdivision (c) mandates that a consecutive five-year term be imposed whenever a "drunk driver" kills someone and then flees the scene of that crime. Here, the felony complaint alleged appellant did just that. He signed a felony disposition statement acknowledging his guilt of both offenses and specifying that he could be sentenced under subdivision (c). He had adequate notice the five-year term would be imposed. Greater specificity was not required.

*People v. Mancebo* (2002) 27 Cal.4th 735 [117 Cal.Rptr.2d 550, 41 P.3d 556] is fairly and factually distinguishable and does not require a different result. There, the defendant was charged under the "one strike" law (Pen. Code, § 667.61) with having used a firearm while kidnapping and committing sex offenses against two separate victims. Sentencing under the one strike law requires that at least two of the circumstances enumerated in the statute be pled and proved. The information in *Mancebo* alleged only two such circumstances; firearm use was one of them. It did not allege a multiple-victim circumstance as another. The defendant did not plead guilty or admit any enhancements. He had a jury trial. At sentencing, the trial court substituted a multiple-victim circumstance for each of the firearm use circumstances to support the imposition of one strike sentences. It then used the

---

[4]Here, the maximum prison sentence for gross vehicular manslaughter is 10 years. (Pen. Code, § 191.5, subd. (c).) Unless section 20001, subdivision (c) applies, the maximum prison sentence for leaving the scene of an accident in violation of section 20001 is four years. (§ 20001, subd. (b)(2).)

We do not disparage appellant or any defendant who pleads guilty to certain substantive charges and admits certain enhancements for a cap on punishment. But these defendants have little, if any interest, in a determinate sentence law mathematical computation as long as the aggregate sentence imposed is within the cap and lawful. Such is the instant case.

gun use findings to impose two additional 10-year terms under Penal Code section 12022.5, subdivision (a). This was "unauthorized by law" and could be raised on appeal without an objection at the time of sentencing. (*Mancebo*, at pp. 749-750, fn. 7.) Our Supreme Court reversed and held: "Sentencing error occurred because defendant was given notice that gun use would be used as one of the two pleaded and minimally required circumstances in support of the One Strike terms, whereafter, at sentencing, the trial court used the *unpled* circumstances of multiple victims to support the One Strike terms, and further imposed two 10-year section 12022.5(a) enhancements that could not otherwise have been imposed but for the purported substitution." (*Id.* at p. 753.)

In appellant's case, by contrast, the felony complaint alleged a violation of section 20001, subdivision (a) but did not specify whether appellant was subject to sentencing under subdivision (b) or subdivision (c) of that statute. Nothing in the complaint affirmatively misled appellant into thinking that he would not be sentenced pursuant to subdivision (c). By his written negotiated disposition, appellant agreed that subdivision (c) was implicated and that he could be sentenced to 15 years in prison. (*Ante*, at p. 996.) No due process violation occurred.

■ Nor does our opinion ignore the settled rule of statutory construction that we must "give effect and meaning to all parts of a law if possible and avoid interpretations which render statutory language superfluous." (*Mundy v. Superior Court* (1995) 31 Cal.App.4th 1396, 1405 [37 Cal.Rptr.2d 568].) ■ Section 20001, subdivision (c) provides that the five-year term "shall not be imposed unless the allegation is charged in the accusatory pleading and admitted by the defendant . . . ." The felony complaint adequately alleged, and in the written felony disposition statement appellant adequately admitted that he fled the scene after violating Penal Code section 191.5. Holding appellant to his admission of the complaint's factual allegations gives effect both to the statutory language and to the terms of appellant's written plea agreement. Granting appellant's specific request would do violence to the letter and spirit of section 20001, subdivision (c).

*Ineffective Counsel*

■ On the instant record, we must reject appellant's claim that his trial counsel rendered ineffective assistance because counsel "failed" to object to the imposition of the mandatory consecutive five-year term. It may well be that counsel did not "fail" to do anything. He may have "elected" not to object because he was not misled by the accusatory pleading. That he argued for a lesser term shows that was a zealous advocate for his client. "To

prevail on the ineffectiveness claim, [appellant] must demonstrate that counsel's performance was objectively unreasonable and that, but for counsel's errors, the result of the proceeding would have been different." *(People v. Barnett* (1998) 17 Cal.4th 1044, 1124 [74 Cal.Rptr.2d 121, 954 P.2d 384].) Here, an objection at sentencing would not have changed the result for the reason stated above: the complaint and felony disposition statement satisfied the requirements of section 20001, subdivision (c). Counsel is not ineffective for failing to raise futile objections. *(People v. Frye* (1998) 18 Cal.4th 894, 985 [19 Cal.4th 253d, 77 Cal.Rptr.2d 25, 959 P.2d 183].)

*Conclusion*

Appellant, like other "drunk drivers" who kill innocent people with automobiles, must live with the consequences of his actions. This may not be easy for the defendants and it is certainly not easy for the victims' families. In court, defendants must also live with the consequences of their actions, here, the consequences of the negotiated disposition. One of the consequences of the written negotiated disposition and not objecting at the trial court level is a waiver of the right to complain on appeal. Albeit in dicta, the California Supreme Court has expressed the concept as follows: "In essence, claims deemed waived on appeal involve sentences which, though otherwise permitted by law, were imposed in a procedurally or factually flawed manner." *(People v. Scott, supra,* 9 Cal.4th at p. 354.)

The judgment is affirmed.

Coffee, J., concurred.

**PERREN, J.**—I respectfully dissent.

The complaint to which appellant entered his pleas was clear and specific: count 1 charged a violation of Penal Code[1] section 191.5, subdivision (a) (gross vehicular manslaughter while intoxicated); count 2 charged a violation of Vehicle Code section 20001, subdivision (a) (leaving the scene of an accident resulting in injury or death). The determinate prison sentence for count 1 is four, six or 10 years (§ 191.5, subd. (c)). Count 2 carries a determinate sentence of two, three or four years (Veh. Code, § 20001, subd. (b)(2)). Under the determinate sentencing law the maximum aggregate term of imprisonment for the charged offenses is 11 years. (§ 1170.1, subd. (a).) Reference to the additional term of five years provided for under Vehicle Code section 20001, subdivision (c) is contained in the written statement of negotiated disposition, but the enhancement was never alleged and it was

---

[1]All statutory references are to the Penal Code unless otherwise stated.

never admitted. The reference by the majority to appellant's entry of a guilty plea to this section is unsupported in the record and not countenanced in the law. (*People v. Mancebo* (2002) 27 Cal.4th 735, 744-745 [117 Cal.Rptr.2d 550, 41 P.3d 556].) None of this discussion, however, would be necessary, had the district attorney both properly charged the case and elicited a valid plea and a valid admission. (*People v. Garcia* (1996) 45 Cal.App.4th 1242, 1249 [53 Cal.Rptr.2d 256] (conc. opn. of Woods, J.).)

*Vehicle Code Section 20001, Subdivision (c) Is an Enhancement*

Vehicle Code section 20001, subdivision (c), by its own terms, is an enhancement for, among other charges, a violation of section 191.5, subdivision (a). (§ 1170.11.) To be subject to its additional five-year term, Vehicle Code section 20001, subdivision (c) requires that the allegation be "charged in the accusatory pleading and admitted by the defendant or found to be true by the trier of fact." This pleading requirement is repeated in section 1170.11, which includes Vehicle Code section 20001, subdivision (c) in its list of specific enhancements, and in section 1170.1, subdivision (e)'s requirement that "All enhancements shall be alleged in the accusatory pleading and either admitted by the defendant in open court or found to be true by the trier of fact." Of course, none of this happened in the present case. On the contrary, appellant pled to a substantive offense with defined elements and specific consequences.[2]

This pleading flaw is dismissed by the majority as being of no consequence since the elements of the enhancement are found in the text of the complaint, even if not specifically alleged as such. Contrary to the majority, I believe that *Mancebo* requires that the allegation be specifically set forth. *Mancebo* concerned the term of imprisonment to be imposed under the "one strike" sentencing scheme for certain violent sex offenses. One of the scenarios for which a term of 25 years to life could be imposed requires that there be multiple victims. In *Mancebo* the prosecution contended that the additional term mandated by section 667.61, subdivision (e)(5) was effectively pleaded since multiple victims were alleged as substantive counts in

---

[2]A statute that provides a punishment sanction for specified behavior may be a sentence enhancement, an alternate penalty provision or a substantive offense. Our Supreme Court has recently discussed the difference among these concepts in its conclusion that section 186.22, subdivision (d) is an *alternate* penalty, and not a substantive offense or an enhancement. "By definition, a sentence enhancement is 'an additional term of imprisonment added to the base term.' (Cal. Rules of Court, rule 4.405(c); *People v. Jefferson* (1999) 21 Cal.4th 86, 101 [86 Cal.Rptr.2d 893, 980 P.2d 441].) Section 186.22(d) is not a sentence enhancement because it does not add an additional term of imprisonment to the base term; instead, it provides for an alternate sentence when it is proven that the underlying offense has been committed for the benefit of, or in association with, a criminal street gang. Neither is it a substantive offense because it does not define or set forth elements of a new crime. [Citation.]" (*Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 898-899 [135 Cal.Rptr.2d 30, 69 P.3d 951].)

the information, essentially the position of the majority in the instant matter. Our Supreme Court rejected this position, noting that the aggravated term of 25 years to life would apply only when the circumstances required by the statute are " '*pled and proved.*' " (*People v. Mancebo, supra,* 27 Cal.4th at pp. 744-745.)

Were it otherwise, we would be creating a new allegation, one which, at the election of the prosecutor or the court, could be deemed either a substantive charge or an enhancement. In the instant matter this means that the sentence could be either a subordinate term of one year or an additional term of five years. But neither the complaint nor the district attorney's allocution at the time of the taking of the plea so informed appellant. The record in this case only serves to underscore the point. At the arraignment, appellant was served with a complaint that made no mention of Vehicle Code section 20001, subdivision (c). At a subsequent appearance, the deputy taking the plea inquired:

"[DEPUTY DISTRICT ATTORNEY]: As to Count 2, sir, it's alleged that on or about February 14th, 2002, you committed the crime of leaving the scene of an accident, a felony in violation of Vehicle Code Section 20001(a). How do you plead to Count 2, sir? Guilty or not guilty?

"THE DEFENDANT: Guilty."

But the majority tells us, "Any doubt appellant might have had concerning the applicability of section 20001, subdivision (c) should have dissipated when he read the written felony disposition statement which expressly stated that he was pleading guilty to leaving the scene of an accident and that subdivision (c) was implicated. It also noted that his maximum prison sentence would be 15 years, a sentence that could only be arrived at by imposing the 5-year term mandated by section 20001, subdivision (c)." (Maj. opn., *ante,* at p. 1000, fn. omitted.) If this is so, how is it that the very deputy district attorney taking the plea submitted a statement in aggravation at the time of sentencing that sought a term of "11 years," composed of the aggravated term of 10 years plus an additional term on count 2 of "1 year consecutive"? Such a term can only be arrived at by treating the count as a subordinate term and imposing one-third the midterm consecutive to the principal term of vehicular manslaughter, a sentence entirely consistent with the allegations of the accusatory pleading. If this is so, how is it that the deputy district attorney appearing at the sentencing hearing initially urged a term of 11 years and stated that Vehicle Code section 20001 is "not a special allegation. As I understand it, it's a second count"?

And how is appellant's doubt "dissipated" when, at the sentencing hearing, defense counsel asked "the Court to impose the midterm of six years for

Count 1 and one and two-thirds years for Count 2"? In effect, this treated the allegation as a substantive offense for which a subordinate one-third term should be imposed.[3]

It is upon this record that the majority concludes appellant could have no doubt of the consequences of his plea. I must respectfully disagree. "The record must affirmatively demonstrate that the plea was voluntary and intelligent under the totality of the circumstances." (*People v. Howard* (1992) 1 Cal.4th 1132, 1178 [5 Cal.Rptr.2d 268, 824 P.2d 1315].) Three prosecutors and a defense attorney did not understand that the allegation was an enhancement and did not understand the term of imprisonment that accompanied its purported admission. I will not and cannot conclude that defendant did.

*Waiver*

The majority also concludes that, at best, the defect in this case is but a pleading irregularity to which, at a minimum, appellant ought to have lodged a demurrer. But to what was he to demur? Section 1004 specifies the grounds for demurrer, and none applies in the instant matter. Ramirez was charged with violations of section 191.5, subdivision (a), and Vehicle Code section 20001, subdivision (a). Each charge was sufficient on its face and each set forth a public offense pleaded in the statutory language. "Moreover, the purpose of the charging document is to provide the defendant with notice of the offense charged. (§ 952.) The charges thus must contain in substance a statement that the accused has committed some public offense, and may be phrased in the words of the enactment describing the offense or in any other words sufficient to afford notice to the accused of the offense charged, so that he or she may have a reasonable opportunity to prepare and present a defense. (See *In re Hess* (1955) 45 Cal.2d 171, 175 [288 P.2d 5]; 4 Witkin & Epstein, Cal. Criminal Law [(2d ed. 1989)] Proceedings Before Trial, § 2060, p. 2426; *id.*, § 2061, pp. 2427-2428.)" (*People v. Bright* (1996) 12 Cal.4th 652, 670 [49 Cal.Rptr.2d 732, 909 P.2d 1354].) The problem is not that appellant did not know the charge, but that he knew precisely with what he was charged. It is just that he was sentenced for something else.

*Conclusion*

Unlike the majority, I cannot conclude that appellant's position "shrinks to a pleading point" (maj. opn., *ante*, at p. 995). I concur with the majority in

---

[3]This case underscores what the author of the majority opinion has rightly concluded to be the unnecessary complexity of the determinate sentencing law, and the rules pertaining to enhancements, the mere mention of which "is bound to send shivers down the spine of any person charged with a felony." (*People v. Winslow* (1995) 40 Cal.App.4th 680, 683 [46 Cal.Rptr.2d 901].)

its condemnation of the havoc wrought on society by "drunk drivers." But the gravity of the offense and the substantial consequences that flow from it demand that a knowing and intelligent plea be entered by a defendant fairly and fully apprised of its consequences. There is little harm to the administration of justice to return this cause to the trial court to permit appellant to withdraw his pleas or his plea and his admission, if indeed that is what it is, and to then choose how he wishes to proceed once properly advised. There is great harm to the integrity of the system when an accused is sentenced to state prison and did not understand or appreciate the consequences of his plea. In sum: *"What we've got here is a failure to communicate."*[4]

A petition for a rehearing was denied June 30, 2003, and the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied September 10, 2003.

---

[4]Prison warden Strother Martin ("Captain") to inmate Paul Newman ("Luke") in Cool Hand Luke (Warner Studios 1967), italics added.