[No. B204132. Second Dist., Div. Eight. Dec. 24, 2008.]

THE PEOPLE, Plaintiff and Respondent, v.
DEMOND ANTHONY MARTIN, Defendant and Appellant.

**COUNSEL**

Linda L. Gordon, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Lance E. Winters and Peggy Z. Huang, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**FLIER, J.**—Following appellant Demond Anthony Martin's arrest for unrelated reasons, cocaine base was found on his person during a prebooking search. He was convicted of possession of a controlled substance, in violation of section 11350, subdivision (a) of the Health and Safety Code (section 11350(a)).[1] His sentence was two years in prison, doubled for one prior strike conviction. He contends: (1) As the charge and the evidence concerned possession of cocaine base, but the jury found him guilty of possession of cocaine, there is insufficient evidence to support his conviction. (2) Review is required of the in camera proceedings held pursuant to *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 [113 Cal.Rptr. 897, 522 P.2d 305] (*Pitchess*). We reject appellant's first issue for several reasons, including that there was sufficient evidence that he possessed a controlled substance, he waived any problem over the distinction between cocaine and cocaine base, and he suffered no prejudice from that distinction. We further find no error in the *Pitchess* proceedings. We therefore affirm appellant's conviction.

## DISCUSSION

### 1. *The Conflicting References to Cocaine and Cocaine Base*

#### A. *The Record*

At the preliminary hearing, a police officer testified that during a prebooking search, a plastic bindle was recovered between the two socks that appellant was wearing on his left foot. "Within the bindle there were white rocks, [containing] what [the officer] believed was rock cocaine." Chemical analysis showed that the substance was "1.17 grams of cocaine base."

The felony information clearly named cocaine base as the controlled substance in question. It alleged: "On or about July 28, 2007, in the County of Los Angeles, the crime of POSSESSION OF A CONTROLLED SUBSTANCE in violation of HEALTH & SAFETY CODE SECTION 11350(a), a Felony, was committed by DEMOND ANTHONY MARTIN, who did unlawfully possess a controlled substance, to wit, cocaine (base)."[2]

At various points during the trial, the substance was referred to both as cocaine base and cocaine.

---

[1] Further statutory references are to the Health and Safety Code unless otherwise stated.

[2] The copy of the typed information in the clerk's transcript has handwritten lines through some of the words. It is not clear when the handwriting occurred. It strikes through the words "in violation of HEALTH & SAFETY CODE SECTION 11350(a), a Felony" and the word "(base)."

In opening statement, the prosecutor said chemical tests would show that the substance was "rock cocaine, sometimes called crack cocaine or cocaine base." In contrast, defense counsel asserted in opening statement that the evidence would show appellant "did not possess cocaine" on the day in question.

The witnesses at the trial consistently referred to the substance as cocaine base or rock cocaine, and not cocaine. Thus, the jail booking officer who found the substance in appellant's socks testified that he thought the substance was "methamphetamine or rock cocaine." Tests performed at the crime lab showed that the substance had a "net weight of 1.17 grams" and "contained cocaine base." A police officer with expertise "in the area of the use of cocaine base" testified that "1.17 grams of cocaine base [was] a useable quantity of cocaine base."

When the court discussed the instructions with counsel, however, it referred to the substance as "cocaine" and not "cocaine base." The court looked at CALCRIM No. 2304, which contains the elements of the crime of possession of a controlled substance. The instruction form has blanks that must be filled in to specify the substance. The court said it was modifying the instruction "to insert, 'cocaine,' of course, into the blank where it talks about a drug [that] is used." No one mentioned that the substance involved in this case was cocaine base and not cocaine.

The typed version of CALCRIM No. 2304 that the jury presumably took into the jury room has the modification the court discussed with counsel, with the handwritten word "cocaine" in two blank spaces. It reads that appellant was "charged with possessing cocaine, a controlled substance." The list of the requisite elements of the offense included that "[t]he controlled substance was cocaine."

For reasons not shown in the record, the court changed CALCRIM No. 2304 when it read the instruction aloud to the jury, by twice adding the words "in the form of cocaine base." According to the reporter's transcript, the verbal form of the instruction stated that appellant was "charged with possessing cocaine, a controlled substance, in the form of cocaine base," and one of the elements was that the substance in question "was cocaine in the form of cocaine base."

In contrast, the typed verdict form used by the jury referred to the substance as "cocaine" and not "cocaine base." It reads: "We, the jury in the above-entitled action, find the defendant Demond Anthony Martin guilty of the crime of possession of a controlled substance, to wit, cocaine, as charged in count 1 of the information."

At the sentencing hearing, defense counsel summarized the case against appellant as "cocaine recovered during the booking search."

B. *Analysis*

Citing *Jackson v. Virginia* (1979) 443 U.S. 307, 316 [61 L.Ed.2d 560, 99 S.Ct. 2781], appellant maintains that his due process rights were violated because there was insufficient evidence to support his conviction for "possession of a controlled substance, to wit, cocaine."

Section 11350(a) states in pertinent part: "Except as otherwise provided in this division, every person who possesses . . . any controlled substance specified in . . . paragraph (1) of subdivision (f) of Section 11054, or specified in subdivision (b) . . . of Section 11055 . . . shall be punished by imprisonment in the state prison."

■ Section 11054, subdivision (f)(1) names "[c]ocaine base" as a schedule I controlled substance. Section 11055, subdivision (b)(6) names as a schedule II controlled substance, "[c]ocaine, except as specified in Section 11054," as a schedule II controlled substance. A violation of section 11350(a) can therefore be based on possession of either cocaine base or cocaine.

■ Utilizing the appropriate standard of review (*People v. Catlin* (2001) 26 Cal.4th 81, 139 [109 Cal.Rptr.2d 31, 26 P.3d 357]), we first find that there was substantial evidence to support appellant's conviction, as he was charged with possession of a controlled substance, and the prosecution's case established that he had a controlled substance hidden between the two socks he was wearing on his left foot.[3]

Appellant relies heavily on *People v. Adams* (1990) 220 Cal.App.3d 680 [269 Cal.Rptr. 479]. The defendant there was charged with and convicted of possession for sale of a controlled substance, rock cocaine, but the criminalist testified that the substance was cocaine, without mentioning rock cocaine or cocaine base. *Adams* reversed due to insufficient evidence that the defendant possessed cocaine base. That result is not justified here, since the information and the evidence named the same substance, cocaine base.

We further find that, through a combination of circumstances, appellant waived his right to complain about the conflicting references to cocaine and cocaine base. We reach that conclusion from these facts: The felony information charged appellant with possession of a controlled substance, cocaine

---

[3] When appellant testified, he denied that he had narcotics in his socks. The jury did not believe him, and its resolution of the factual conflict is binding upon this court.

base, and cocaine base was the substance shown in the evidence at the preliminary hearing and at the trial. The jury was correctly instructed on the elements of the crime of possession of a controlled substance. It found appellant guilty of "possession of a controlled substance," even though the verdict specified cocaine and not cocaine base. Defense counsel contributed to the confusion by referring to the substance as cocaine during opening statement. Counsel had the opportunity to alert the trial court to the confusion over the name of the substance but failed to do so.

Assuming arguendo that the issue was not waived, we further find that the conflicting references to cocaine and cocaine base caused no prejudice to appellant, as the penalty in section 11350(a) is the same, whether the controlled substance is cocaine or cocaine base.

In arguing that there was prejudice, appellant stresses that the written version of the instruction specified "cocaine" and not "cocaine base" and the written version generally controls if it conflicts with the oral version. (*People v. Osband* (1996) 13 Cal.4th 622, 717 [55 Cal.Rptr.2d 26, 919 P.2d 640].) We see no significance in the difference between the written and oral versions, as both versions were otherwise identical, and the jury was correctly instructed on the elements of the crime of possession of a controlled substance.

Similar problems involving the distinction between cocaine and cocaine base were involved in *People v. Howington* (1991) 233 Cal.App.3d 1052 [284 Cal.Rptr. 883], *People v. Howell* (1990) 226 Cal.App.3d 254 [276 Cal.Rptr. 454], and *People v. Adams, supra*, 220 Cal.App.3d 680. To avoid further repetitions of this issue, we advise trial courts and counsel to be particularly careful that all references to a controlled substance name the correct controlled substance.

## 2. *The* Pitchess *Issue*

The trial court determined that it would review in chambers the jail booking officer's personnel records, for complaints of "planting of evidence" or "falsification of probable cause to arrest on the charge of possession [of] cocaine." We have reviewed the transcript of the hearing in chambers and find that no abuse of discretion occurred. (*People v. Mooc* (2001) 26 Cal.4th 1216, 1228–1229 [114 Cal.Rptr.2d 482, 36 P.3d 21].)

## DISPOSITION

The judgment is affirmed.

Cooper, P. J., and Rubin, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 25, 2009, S170102.