Filed 12/10/13  P. v. Rosen CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>STEVEN GENE ROSEN,<br><br>        Defendant and Appellant. | A137708<br><br>(Sonoma County<br>Super. Ct. Nos. SCR-602757,<br>SCR-609539, SCR-619606) |

Steven Gene Rosen appeals from a judgment revoking his probation on felony drug convictions in three separate cases and sentencing him to an aggregate term of 11 years and four months, to be served in the local county jail, with the last three years to be served under mandatory supervision.  (See Pen. Code, § 1170, subd. (h)(1), (2) & (5)(B)(i).)  He contends the case must be remanded for resentencing because the court failed to state reasons for imposing consecutive sentences and his trial attorney provided ineffective assistance of counsel in failing to object.  We affirm.

**FACTS AND PROCEDURAL HISTORY**

Appellant was charged with drug related offenses and enhancements in two separate cases, Nos. SCR-602757 and SCR-609539.  On November 10, 2011, he pled no contest to one count of possession of methamphetamine in case No. SCR-602757 and one count of possession of morphine and/or Xanax in case No. SCR-609539, in exchange for dismissal of the remaining charges.  (Health & Saf. Code, §§ 11377, subd. (a), 11350, subd. (a).)  The court suspended imposition of sentence in both cases and placed

1

appellant on probation for three years, with conditions that included his participation in a residential treatment program at Solidarity House in San Mateo. Appellant did not report to Solidarity House as required and on February 1, 2012, he admitted a violation of probation and was ordered to serve 60 days in county jail pending the availability of a space at Solidarity House.

On July 6, 2012, an information was filed charging appellant with multiple drug-related counts and enhancements in case No. SCR-619606. On August 9, 2012, he pled no contest to possession of oxycodone for sale and admitted two enhancement allegations based on prior drug-related convictions, in exchange for dismissal of the remaining charges and allegations. (Health & Saf. Code, §§ 11351; 11370.2, subd. (a).) The plea agreement included a stipulated term of 10 years (the four-year upper term for possession of oxycodone for sale, plus three years each on the enhancements), this term to be suspended. Appellant agreed to serve a year in county jail for the resulting probation violation in case Nos. SCR-602757 and SCR-609539, probation to terminate in those cases upon completion of that year, and to report to TASC (Treatment Accountability for Safe Communities) after his release from jail. The court accepted appellant's plea, suspended execution of the 10-year term, dismissed the remaining charges, and ordered appellant to appear on August 16, 2012, to begin serving his one-year jail term.

On August 16, 2012, the date he was due to surrender, appellant appeared in court and asked for two additional days to address personal matters before beginning his jail term. The court extended the time to report until 7:00 p.m. on August 17, 2012, but appellant failed to appear on that date. On December 19, 2012, he admitted a probation violation in all three cases based on this failure to appear.

The sentencing hearing on all three cases was held January 10, 2013. The probation report recommended that probation be revoked and appellant be committed to an aggregate jail term of 11 years and four months, consisting of the 10-year term previously imposed in case No. SCR-619606 and eight-month consecutive terms (one-third the middle term) in case Nos. SCR-602757 and SCR-609539. It listed no factors in mitigation and four factors in aggravation: (1) Appellant had numerous prior

2

convictions; (2) he had served a prior prison term not included in any of the admitted enhancements; (3) he was on probation when he committed the crime in the third case, No. SCR-619606; and (4) his prior performance on probation had not been satisfactory. (Cal. Rules of Court, rule 4.421(b)(2), (3), (4) & (5).) The report also concluded consecutive terms were appropriate because the underlying crimes in the three cases "were committed at different times and separate places, rather than being committed so closely in time and place as to indicate a single period of aberrant behavior." (Cal. Rules of Court, rule 4.425(a)(3).)

The court denied appellant's request to continue the hearing so a referral to TASC could be considered in lieu of a sentence: "[T]he Court has reviewed the sentencing report on the violation of probation, and additionally has gone back through the Court's file to review how you got here at this point in time, facing sentencing. And, in making my determination about adopting the recommendation of probation with regard to sentencing, the piece that was most influential to me, was the fact that you were given three separate opportunities in this case. This is SCR-619606, the most recent offense, which occurred while you were already on probation for two other cases. [¶] You were given three separate opportunities to surrender to do jail time on the very violations of probation. I know you have excuses and reasons why that didn't happen, but a the last time, on August 9th of 2012, the Court sent what I considered to be sort of the last warning, which is that execution of the sentence was suspended. [The judge] actually sentenced you to serve the ten years in that case, and then set—gave you a surrender date, then extended that date by one more day and you still did not self-surrender. [¶] Knowing that time was hanging over your head and nonetheless making the option, or taking the choice into your hands to not self-surrender, to me, just is a complete disregard for the Court's order. Orders are not optional, and given your history, I think you should be savvy enough in the system to know that you need to comply with the rules, and if you don't comply with the rules then there are going to be consequences."

The court revoked probation in all three cases and sentenced appellant to the previously imposed 10-year term in case No. SCR-619606, along with consecutive terms

of eight months each for the convictions in case Nos. SCR-602757 and SCR-609539. The sentence was to be served at the county jail pursuant to Penal Code section 1170, subdivision (h), with the last three years to be served under mandatory supervision so appellant could take advantage of treatment options. The court denied appellant's subsequent request to recall the sentence under Penal Code section 1170, subdivision (d).

## DISCUSSION

Appellant argues the trial court erred in failing to state reasons for imposing consecutive sentences for the convictions in case Nos. SCR-602757 and SCR-609539. As he recognizes, this issue has been forfeited by his trial counsel's failure to object on this basis. (*People v. Scott* (1994) 9 Cal.4th 331, 353; *People v. Powell* (2011) 194 Cal.App.4th 1268, 1297–1298 (*Powell*).) Appellant therefore couches his claim as one of ineffective assistance of counsel in failing to object.

A defendant has the burden of showing ineffective assistance, and must demonstrate that (1) counsel's performance was deficient in that it fell below an objective standard of reasonableness; and (2) the defendant was prejudiced; i.e., there is a reasonable probability that but for counsel's failings, the outcome of the proceeding would have been different. (*Strickland v. Washington* (1984) 466 U.S. 668, 687–688, 694; *People v. Ledesma* (1987) 43 Cal.3d 171, 215; *Powell*, *supra*, 194 Cal.App.4th at p. 1298.) "On direct appeal, a conviction will be reversed for ineffective assistance only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation." (*People v. Mai* (2013) 57 Cal.4th 986, 1009.) A trial attorney is not ineffective for failing to raise futile objections. (*People v. Ramirez* (2003) 109 Cal.App.4th 992, 1002.)

Though appellant is correct the trial court was required to state reasons for imposing a consecutive sentence (Pen. Code, § 1170, subd. (c); *Powell*, *supra*, 194 Cal.App.4th at p. 1297), he has not demonstrated his counsel was remiss in failing to object on this ground. The court indicated it had considered the probation report and proceeded to impose the sentence it recommended, the " 'natural inference' " being the

4

trial court agreed with the probation officer's conclusions. (*Powell*, at p. 1299.) The probation report stated consecutive sentences should be imposed because the three convictions arose from acts committed at separate times and places, an appropriate factor for the court to consider. (See *People v. Calvert* (1993) 18 Cal.App.4th 1820, 1838.) Trial counsel may have elected not to object because he believed a statement of reasons would not have demonstrated error on the court's part or persuaded the court to reconsider its decision. Nor does the record establish it is reasonably probable appellant would have obtained a more favorable result if trial counsel had objected—under the circumstances, it is far more likely that if the need to state reasons had been brought to the court's attention, it would have cited the circumstances noted in the probation report and imposed the same sentence. (See *Powell*, at p. 1299.)

## DISPOSITION

The judgment is affirmed.

_____

NEEDHAM, J.

We concur.

_____

SIMONS, Acting P. J.

_____

BRUINIERS, J.