Filed 10/16/15  P. v. Dear CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C076098 |
| Plaintiff and Respondent, | (Super. Ct. No. 62-121699A) |
| v. | |
| BONNIE DIANNE DEAR, | |
| Defendant and Appellant. | |

A jury found defendant Bonnie Dianne Dear guilty of embezzlement of a vehicle, a U-Haul truck, in violation of Vehicle Code section 10855 (count one) and possession of brass knuckles in violation of Penal Code[1] section 21810 (count two).  In a bifurcated proceeding, defendant admitted serving one prior prison term.  (§ 667.5, subd. (b).)  The trial court sentenced defendant to an aggregate term of four years eight months in state

---

[1]   Further undesignated statutory references are to the Penal Code.

prison, consisting of the upper term of three years for embezzlement, a consecutive eight months (one-third the middle term) for possessing the brass knuckles, and a consecutive one year for the prior prison term.

Defendant appeals, contending the trial court prejudicially erred in instructing the jury on embezzlement, and she was denied her right to a fair trial because the jury was inadvertently provided verdict forms related to the prior prison term allegation. With respect to the alleged instructional error, defendant argues in her opening brief that the trial court erred in (1) instructing the jury that it " 'may presume that the defendant embezzled the vehicle' " if it made certain findings, and (2) failing to instruct the jury that embezzlement of a vehicle requires a specific intent to steal.

As previously mentioned, defendant was convicted of embezzlement of a vehicle *in violation of Vehicle Code section 10855*, which provides: "Whenever any person who has leased or rented a vehicle wilfully and intentionally fails to return the vehicle to its owner within five days after the lease or rental agreement has expired, that person shall be presumed to have embezzled the vehicle." The jury instruction on embezzlement was based on Vehicle Code section 10855 and not Penal Code section 503, which defines embezzlement. We directed the parties to submit supplemental letter briefs addressing the following: "(1) does Vehicle Code section 10855 set forth a substantive criminal offense; and (2) if not, what crime, if any, did defendant commit by failing to return the U-Haul." Having reviewed the supplemental letter briefs, we shall conclude that Vehicle Code section 10855 does not set forth a substantive criminal offense, and that although defendant received fair notice that she was being prosecuted for embezzlement of a vehicle, the jury was not properly instructed on the elements of that offense. Accordingly, we shall reverse defendant's embezzlement conviction, affirm her remaining conviction, and remand the matter to the trial court with directions to permit the People to retry defendant on the embezzlement charge should they elect to do so.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. *The Prosecution's Case*

At 2:30 p.m. on April 23, 2013, defendant rented a truck from U-Haul in Auburn. The truck was due back 24 hours later. The truck was not returned on its due date, and U-Haul made various attempts to contact defendant by telephone, mail, and driving by the address she provided. The general manager of the U-Haul location where defendant rented the truck recalled speaking to someone named "Jeremy" who said he would attempt to get a message to defendant.

On May 14, 2013, at approximately 4:36 a.m., Andrew Bonner, a police officer for the City of Roseville, stopped a U-Haul truck after he was unable to trace its license plate. Defendant was a passenger in the truck, which was being driven by her friend. Defendant told Bonner that she had rented the U-Haul the previous month, ended up going out of town, and did not get around to returning it. She also indicated that her friends had been using it. She recalled getting a letter from U-Haul, but did not remember what it said.

Officer Bonner contacted U-Haul and was told the truck had been rented on April 23, 2013, for a 24-hour period, and was 20 days overdue.

Officer Bonner searched the truck and found a pair of brass knuckles on the floor board on the passenger side of the truck. Defendant said the brass knuckles belonged to her, explaining that she had them for protection because she had weak hands and suffered from carpal tunnel syndrome.

The U-Haul was stopped within 10 miles of the U-Haul location where it was rented. One of the characters of the truck's equipment number was missing. It was later determined that the truck had a valid license plate.

### B. *The Defense*

Defendant testified on her own behalf at trial. She admitted four prior felony convictions, two from 2004, one from 2007, and another from 2008. Thereafter, she

3

testified that she rented the U-Haul for her friend, Dave, who was being kicked out of his apartment and in danger of losing all of his belongings. She met him at a friend's house six days earlier while she was high on methamphetamine. She assumed that he would return the truck later that day or evening because he had to be out of his apartment by 6:00 a.m. the following morning. About a week before she was stopped by Officer Bonner, her brother Jeremy advised her that the truck had not been returned. At that point, defendant attempted to ascertain the truck's location. After learning that Dave was living out of the truck on some property in Colfax, she went to the property, contacted Dave, removed his belongings from the truck, and was on her way to return the truck when she was stopped by Officer Bonner one exit away from the U-Haul rental location.

Defendant lied and told the officer the brass knuckles belonged to her to protect the driver who was on parole. She was under the influence of methamphetamine at the time.

DISCUSSION

I

The Trial Court Prejudicially Erred in Failing to Instruct the Jury on Each of the Elements of Embezzlement

Defendant contends the trial court erred in failing to instruct the jury on each of the elements of embezzlement. We agree.

Defendant was charged in a felony complaint with embezzlement of a vehicle as follows: "On or about May 14, 2013, in the County of Placer, the crime of EMBEZZLEMENT OF AN AUTOMOBILE, in violation of Vehicle Code section 10855, a felony, was committed by BONNIE DIANNE DEAR, who did willfully and unlawfully rented [*sic*] a certain vehicle, to wit, U-Haul trailer, then and there the personal property of U-Haul, and failed to return said vehicle, within the agreed upon return date."

The trial court instructed the jury on the charge of embezzlement in pertinent part as follows:

"The defendant is charged in Count 1 with willfully and unlawfully failing to return a U-Haul trailer within five days after the [lease or] rental agreement expired, in violation of Vehicle Code section 10855.

"To prove that the defendant is guilty of this crime, the People must prove that:

"1.  The defendant leased or rented a vehicle from U-Haul; and

"2.  Defendant willfully and intentionally failed to return the vehicle to U-Haul within five days after the lease [or] rental agreement expired.

"If you find the defendant failed to return the vehicle to U-Haul within five days of the lease [or] rental agreement expiration, you may presume that the defendant embezzled the vehicle.  The presumption is rebuttable, not conclusive.

"A vehicle is a device by which any person or property may be propelled, moved, or drawn upon a highway, excepting a device moved exclusively by human power or used exclusively upon stationary rails and tracks.

"Someone commits an act willfully when he or she does an act willingly or on purpose."[2]

In her supplemental letter brief, the Attorney General concedes that Vehicle Code section 10855 does not set forth a substantive criminal offense, but rather establishes a rebuttable presumption.  We accept the concession.  (§ 10855; see also *People v. McCall* (2004) 32 Cal.4th 175, 186-187 (*McCall*).)  The Attorney General also submits, and

---

[2]  During deliberations the jury asked for a "clear definition of the word embezzlement," and "the words of the charges."  With respect to the definition of embezzlement, the trial court instructed the jury in the language of section 503 as follows:  "Embezzlement is the fraudulent appropriation of property by a person to whom it has been intrusted."  As for the words of the charges, the trial court referred the jury to "jury instruction 10855 for Count One . . . ."  That instruction is quoted above.

defendant concedes, that defendant received adequate notice that she was being charged with embezzlement of a vehicle by virtue of the allegations in the complaint. We accept this concession as well. (*People v. Ramirez* (2003) 109 Cal.App.4th 992, 999.) As we shall explain, however, the jury was not properly instructed on the elements of that offense.

Section 503 defines embezzlement as "the fraudulent appropriation of property by a person to whom it has been intrusted." (§ 503.) The elements of embezzlement are: (1) the owner, or owner's agent, entrusted the owner's property to the defendant; (2) the owner, or owner's agent, did so because he trusted the defendant; (3) the defendant fraudulently appropriated that property for her own benefit; and (4) when the defendant appropriated the property, she intended to deprive the owner of its use. (§ 503; *People v. Beaver* (2010) 186 Cal.App.4th 107, 121.) " 'The crime of embezzlement requires the existence of a "relation of trust and confidence," similar to a fiduciary relationship, between the victim and the perpetrator.' " (*People v. Nazary* (2010) 191 Cal.App.4th 727, 742, quoting *People v. Wooten* (1996) 44 Cal.App.4th 1834, 1845.) "'An intent to deprive the rightful owner of possession even temporarily is sufficient . . . . [Citations.]'" (*People v. Nazary*, *supra*, 191 Cal.App.at p. 742, quoting *In re Basinger* (1988) 45 Cal.3d 1348, 1363-1364.)

As the Attorney General acknowledges, the trial court's instructions did not require the jury to find either the "(1) the existence of a relationship of trust and confidence between U-Haul and [defendant], . . . [or] (2) the mens rea of fraudulent intent that is required for the crime of embezzlement." Rather, the jury was instructed that it could presume defendant was guilty of embezzlement if it found that she leased the U-Haul and failed to return it after five days.[3]

---

[3] CALCRIM No. 1806, which was not given, reads:

"An instruction that omits or misdescribes an element of a charged offense violates the right to jury trial guaranteed by our federal Constitution, and the effect of this

---

"Theft by Embezzlement (Pen. Code, §§ 484, 503)

"The defendant is charged [in Count _____] with [grand/petty] theft by embezzlement [in violation of Penal Code section 503].

"To prove that the defendant is guilty of this crime, the People must prove that:

"1.  An owner [or the owner's agent] entrusted (his/her) property to the defendant;

"2.  The owner [or owner's agent] did so because (he/she) trusted the defendant;

"3.  The defendant fraudulently (converted/used) that property for (his/her) own benefit;

"AND

"4.  When the defendant (converted/used) the property, (he/she) intended to deprive the owner of (it/its use).

"A person acts fraudulently when he or she takes undue advantage of another person or causes a loss to that person by breaching a duty, trust or confidence.

"[A good faith belief in acting with authorization to use the property is a defense.]

"[In deciding whether the defendant believed that (he/she) had a right to the property and whether (he/she) held that belief in good faith, consider all the facts known to (him/her) at the time (he/she) obtained the property, along with all the other evidence in the case.  The defendant may hold a belief in good faith even if the belief is mistaken or unreasonable.  But if the defendant was aware of facts that made that belief completely unreasonable, you may conclude that the belief was not held in good faith.]

"[An intent to deprive the owner of property, even temporarily, is enough.]

"[Intent to restore the property to its owner is not a defense.]

"[An agent is someone to whom the owner has given complete or partial authority and control over the owner's property.]

"[For petty theft, the property taken can be of any value, no matter how slight.]"

7

violation is measured against the harmless error test of *Chapman v. California* (1967) 386 U.S. 18, 24 [17 L. Ed. 2d 705]. [Citation.]" (*People v. Samaniego* (2009) 172 Cal.App.4th 1148, 1165.) Under that test, we ask whether beyond a reasonable doubt the jury verdict would have been the same absent the error. (*Ibid.*) We cannot say, on this record, beyond a reasonable doubt, that defendant would have been found guilty of embezzling a vehicle had the jury been properly instructed. The Attorney General does not argue otherwise.

At trial, defendant testified that she rented the U-Haul for a friend and expected he would return it later that day or evening. She did not learn that the truck had not been returned until about a week before she was stopped by Officer Bonner. After learning the truck had not been returned, she ascertained its location, retrieved it, and was on her way to the U-Haul store to return it when she was stopped. If credited, the jury reasonably could conclude that defendant lacked the intent to deprive U-Haul of its property beyond the rental period. The jury, however, was not told that the People were required to prove that defendant intended to deprive U-Haul of the truck; rather, it was told that it could it could presume defendant embezzled the truck "[i]f you find the defendant failed to return the vehicle to U-Haul within five days of the lease [or] rental agreement expiration."

The embezzlement charge in count one is subject to retrial for instructional error (see *People v. Nero* (2010) 181 Cal.App.4th 504, 519-520) unless there is insufficient evidence to support that conviction, in which case retrial is barred by the double jeopardy clause (*People v. Belton* (1979) 23 Cal.3d 516, 527, fn. 13). We conclude, based on the evidence detailed in the factual background above and inferences to be drawn from that evidence, that a properly instructed jury could have found defendant guilty of

8

embezzlement of a vehicle in violation of section 503.  Accordingly, retrial is proper at the election of the People.**4**

## II
### The Trial Court Did Not Abuse its Discretion in Denying Defendant's Motion for a Mistrial After Verdict Forms Pertaining to the Prior Prison Term Allegation Were Inadvertently Distributed to the Jury

Defendant also contends that "[t]he inclusion of the verdict form for the bifurcated prison term allegation with the jury's verdict forms denied [her] her right to a fair trial," and as a result, both of her convictions must be reversed.  We disagree.

At defendant's request, the prior prison term allegation was bifurcated from the jury trial.  Verdict forms pertaining to that allegation, however, were inadvertently included with the verdict forms given to the jury.  There were two forms pertaining to the prior prison term allegation:  "ALLEGATION--NOT TRUE" and "ALLEGATION--TRUE."  Those forms read:  "We, the Jury in the above entitled action, find the defendant, BONNIE DIANNE DEAR, [to be/to NOT be] in violation of California Penal Code section 667.5(b), PRIOR CONVICTION:  PRISON PRIOR, as alleged in the information."  The jury did not ask any questions about the forms and returned them to the court unsigned when it rendered its verdict.  Upon learning of the mistake, defendant's trial counsel moved for a mistrial.  The trial court denied the motion, finding that any error was harmless given defendant's testimony that she had four prior felony convictions and the absence of any indication that defendant's prison record played any part in the jury's decisionmaking.  The court found that "all indications are that [the jury] ignored this because they didn't even ask any questions to the court as to what they were

---

**4**   We express no opinion on the Attorney General's claim that a subsequent prosecution of defendant for violating Vehicle Code section 10851 "would be completely appropriate" because it is beyond the scope of the issues raised in this appeal.  The argument appears to be based on the erroneous assumption that defendant cannot be retried for embezzlement.

supposed to do with these verdict forms. They are blank, each of them. There isn't even marking on them."

A trial court is obligated to declare a mistrial only when there has been irreparable damage to a party's chance of receiving a fair trial. (*People v. Panah* (2005) 35 Cal.4th 395, 453.) We review a trial court's denial of a motion for mistrial for abuse of discretion. (*People v. Lightsey* (2012) 54 Cal.4th 668, 718.)

Defendant notes that although the jury already knew that she had four prior felony convictions, "the [verdict] form alerted the jury that [she] had served a prior *prison* term." Defendant claims that "it would have been difficult for the jury to presume anything from this information other than [she] had committed a very serious crime," and as a result, "the jury would have been less inclined to believe her testimony and more likely to find her guilty as charged."

As a preliminary matter, the verdict forms did not state conclusively that defendant had a prison record; rather, they raised the possibility she had been to prison. Even assuming the jury saw the forms and concluded that defendant had been to prison, the trial court reasonably could conclude that defendant's chance of receiving a fair trial had not been irreparably damaged given that the jury already knew that she had four felony convictions. Stated another way, the trial court reasonably could conclude that the jury would not have been any less inclined to believe her knowing that she served one prison term than it was after learning she had four prior felony convictions. The trial court did not abuse its discretion in denying defendant's motion for a mistrial.

DISPOSITION

Defendant's conviction for embezzlement of a vehicle (count one), is reversed and the sentence is vacated. Defendant's conviction for possession of brass knuckles (count two) is affirmed. The People may retry defendant for embezzlement within the time set forth in section 1382, (i.e., 60 days after the filing of the remittitur unless good cause is shown for a different period or defendant waives the 60-day requirement). If defendant is

10

retried and found guilty of embezzlement, the trial court shall resentence defendant on the embezzlement conviction and count two. If defendant is found not guilty of embezzlement, the trial court shall resentence defendant on count two. In the event that the People elect not to retry defendant on a charge of embezzlement of a vehicle, the trial court shall resentence defendant on count two. The trial court may conduct any necessary ancillary proceedings consistent with this opinion.


                                    /s/
                                  Blease, Acting P. J.


We concur:


    /s/
Nicholson, J.


    /s/
Hull, J.