Filed 4/26/16  P. v. Schwartz CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>GREGORY PHILLIP SCHWARTZ,<br><br>    Defendant and Appellant. | D067817<br><br><br>(Super. Ct. No. SCD254486) |

APPEAL from a judgment of the Superior Court of San Diego County, Louis R. Hanoian, Judge.  Affirmed in part; reversed in part and remanded with directions.

Steven S. Lubliner, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Kelley A. Johnson, Deputy Attorneys General, for Plaintiff and Respondent.

INTRODUCTION

The People charged Gregory Phillip Schwartz with assault with intent to commit rape (Pen. Code, § 220, subd. (a)(1))[1] (count 1); false imprisonment by violence (§§ 236, 237, subd. (a)) (count 2); assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4)) (count 3); and shoplifting (§ 459.5) (count 4). A jury found Schwartz not guilty on count 1, but guilty of the lesser included offense of assault (§ 240); guilty of false imprisonment by violence on count 2; not guilty on count 3, but guilty of the lesser included offense of assault (§ 240); and guilty of shoplifting on count 4.

The trial court sentenced Schwartz to county jail for 180 days on count 4, which the court deemed satisfied by time served. On count 2, the court sentenced Schwartz to the upper term of three years in county jail pursuant to section 1170, subdivision (h), to be served consecutively to the sentence imposed on count 4. The trial court imposed six-month sentences on both counts 1 and 3, but stayed execution of the sentences pursuant to section 654. The court imposed a restitution fine pursuant to former section 1202.4[2] in the amount of $2,400, and a supervision revocation fine pursuant to section 1202.45 in the same amount. In addition, three days after sentencing, the court issued a protective

---

[1]     Unless otherwise specified, all subsequent statutory references are to the Penal Code.

[2]     (Stats. 2012, ch. 762, § 1.) Section 1202.4 is similar in all material respects with former section 1202.4.

order pursuant to section 136.2 precluding Schwartz from having contact with the victim for a period of three years from the date of sentencing.[3]

On appeal, Schwartz claims that trial counsel provided ineffective assistance in failing to object to the trial court's imposition of a restitution fine pursuant to section 1202.4, on the ground that the fine was improperly calculated. We conclude that Schwartz failed to establish that trial counsel provided ineffective assistance in failing to object to the amount of the fine because the fine was within the authorized statutory range and there is nothing in the record demonstrating that the trial court erred in the manner in which it calculated the fine. Schwartz also claims that the trial court erred in imposing a $2,400 supervision revocation fine and a postjudgment protective order pursuant to section 136.2. The People concede that both the supervision revocation fine and the protective order are unauthorized and should be stricken. We agree and order the supervision revocation fine and the protective order stricken.

## II.

## FACTUAL BACKGROUND[4]

Schwartz shoplifted property from a store and assaulted a woman in a bathroom stall of the store.

---

[3]    The court had issued a nearly identical protective order on the date of sentencing, but the expiration date on the order was incorrect.

[4]    We provide an abbreviated summary of the facts related to Schwartz's convictions because the underlying facts are not relevant to the claims asserted on appeal.

## DISCUSSION

A.    *Schwartz cannot establish in this direct appeal that his counsel provided ineffective assistance in failing to object to the court's imposition of a restitution fine in the amount of $2,400*

Schwartz claims that trial counsel provided ineffective assistance in failing to object to the court's imposition of a restitution fine in the amount of $2,400. Schwartz argues that the trial court "clearly attempted" to apply the formula for calculating such fines specified in former section 1202.4, subdivision (b)(2), but that the court improperly included his misdemeanor convictions in counts 1, 3, and 4 in performing such calculation. We conclude that because the fine was within the authorized statutory range and there is nothing in the record demonstrating that the trial court attempted to utilize the formula specified in former section 1202.4, subdivision (b)(2), Schwartz cannot establish that his counsel was ineffective in failing to raise an objection to the amount of the fine.

1.    *Governing law*

a.    *Former section 1202.4*

Former section 1202.4 provides in relevant part:

"(b) In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so, and states those reasons on the record.

"(1) The restitution fine shall be set at the discretion of the court and commensurate with the seriousness of the offense, but shall not be less . . . three hundred dollars ($300) starting on January 1, 2014, and not more than ten thousand dollars ($10,000), if the person is

convicted of a felony, and shall not be less than . . . one hundred fifty dollars ($150) starting on January 1, 2014, and not more than one thousand dollars ($1,000), if the person is convicted of a misdemeanor.

"(2) In setting a felony restitution fine, the court may determine the amount of the fine as the product of the minimum fine pursuant to paragraph (1) multiplied by the number of years of imprisonment the defendant is ordered to serve, multiplied by the number of felony counts of which the defendant is convicted."

b.　　*Ineffective assistance of counsel*

To establish a claim of ineffective assistance of counsel, the defendant must show that counsel's performance was deficient in that it "fell below an objective standard of reasonableness," evaluated "under prevailing professional norms." (*Strickland v. Washington* (1984) 466 U.S. 668, 688 (*Strickland*); accord, *People v. Ledesma* (1987) 43 Cal.3d 171, 216 (*Ledesma*).) "When examining an ineffective assistance claim, a reviewing court defers to counsel's reasonable tactical decisions, and there is a presumption counsel acted within the wide range of reasonable professional assistance." (*People v. Mai* (2013) 57 Cal.4th 986, 1009.) Thus, "[w]hen the record on direct appeal sheds no light on why counsel failed to act in the manner challenged, defendant must show that there was ' " 'no conceivable tactical purpose' " for counsel's act or omission.' " (*People v. Centeno* (2014) 60 Cal.4th 659, 675.) In addition, "[c]ounsel is not ineffective for failing to raise futile objections." (*People v. Ramirez* (2003) 109 Cal.App.4th 992, 1002 (*Ramirez*).)

If counsel's performance has been shown to be deficient, the defendant is entitled to relief only if he can also establish that he was prejudiced by counsel's ineffectiveness.

(*Strickland*, *supra*, 466 U.S. at pp. 691-692; accord, *Ledesma*, *supra*, 43 Cal.3d at p. 217.)

2.      *Factual and procedural background*

The probation report indicated that Schwartz was convicted of one felony and three misdemeanors.  The report recommended that Schwartz be sentenced to three years in county jail on count 2, with the final year to be suspended and served in the community while under mandatory supervision.  The report also recommended that the court require Schwartz to pay a "[r]estitution fine pursuant to [former section] 1202.4[, subdivision] (b) in the amount of $2,400."  The probation report did not indicate how this figure was calculated nor did it discuss any reason for setting the amount of the fine at $2,400.

At sentencing, the trial court initially followed the probation report's recommendation as to the sentence on count 2.  The court also imposed a restitution fine pursuant to former section 1202.4 in the amount of $2,400, stating, "The defendant will pay a restitution fine to the state victims['] restitution fund in the amount of $2,400."

After a break in the proceedings, defense counsel informed the court that Schwartz would prefer to serve the entire three-year sentence on count 2 in custody rather than serving two years in custody and one year on mandatory supervision in the community. The court granted Schwartz's request and sentenced Schwartz to three years in county jail on count 2.

6

3.    *Application*

Schwartz argues that the amount of the fine ($2,400) suggests that the court determined the fine by using the formula specified in former section 1202.4, subdivision (b)(2)—multiplying the minimum fine ($300) by the number of years in custody (2)[5] multiplied by the *total* number of convictions (4), which equals $2,400.  Schwartz notes that calculating the fine in this manner would be improper because former section 1202.4, subdivision (b) expressly excludes using misdemeanors in applying the formula.

We are not persuaded.  As Schwartz acknowledges, the trial court's imposition of a $2,400 restitution fine was well within the authorized statutory range of $300 to $10,000. (Former § 1202.4, subd. (a)(1).)  Further, neither the probation report nor any other document in the record referred to the discretionary formula contained in former section 1202.4, subdivision (b)(2) that a trial court "may" use in setting the felony restitution fine.  (Former § 1202.4, subd. (b)(2).)  In addition, the trial court did not indicate at sentencing that it was using the formula specified in former section 1202.4, subdivision (b)(2).

Thus, this case is unlike *People v. Martinez* (2014) 226 Cal.App.4th 1169, 1189-1190 (*Martinez*) and *People v. Le* (2006) 136 Cal.App.4th 925, 932-936 (*Le*) on which Schwartz relies.  In those cases, the Court of Appeal concluded that trial counsel had been ineffective in failing to object to a trial court's improper application of the formula

---

5    Schwartz notes that the trial court initially stated that it would impose the sentence recommended by the probation report, i.e., two years in county jail followed by a year of mandatory supervision.

7

specified in prior versions of section 1202.4, subdivision (b)(2).[6] Unlike in *Martinez* and

*Le*, there is nothing in the record demonstrating that the trial court improperly applied the

formula in former section 1202.4, subdivision (b)(2). In the absence of such evidence,

we must presume that the trial court applied the proper law in exercising its discretion in

imposing a restitution fine. (See, e.g., *People v. Mack* (1986) 178 Cal.App.3d 1026, 1032

["It is a basic presumption indulged in by reviewing courts that the trial court is presumed

to have known and applied the correct statutory and case law in the exercise of its official

duties"].) Thus, there is nothing in the record demonstrating that the trial court erred in

setting the fine. Schwartz thus cannot demonstrate that counsel was ineffective for

failing to raise an objection to the fine, because counsel may have reasonably determined

that such an objection would have been overruled. (See *Ramirez*, *supra*, 109 Cal.App.4th

at p. 1002 [trial counsel is not required to raise futile objections].)

Accordingly, we reject Schwartz's claim that his counsel provided ineffective

assistance in failing to object to the court's imposition of a restitution fine in the amount

of $2,400.

B.      *The trial court's imposition of a supervision revocation fine pursuant to section*
        *1202.45 was unauthorized and the fine must be stricken*

Schwartz argues that the trial court erred in imposing a $2,400 supervision

revocation fine (§ 1202.45) and contends that the fine must be stricken. The People

---

6       Schwartz acknowledges in his brief that "the records in *Martinez* and *Le* contained
explicit statements that the statutory formula was being used."

concede that the trial court erred in imposing the fine and contend that the fine should be stricken. We order the fine stricken.

Section 1202.45 provides in relevant part:

> "(a) *In every case where a person is convicted of a crime and his or her sentence includes a period of parole*, the court shall, at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional parole revocation restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4.

> "(b) *In every case where a person is convicted of a crime and is subject to either postrelease community supervision under Section 3451 or mandatory supervision under subparagraph (B) of paragraph (5) of subdivision (h) of Section 1170*, the court shall, at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional postrelease community supervision revocation restitution fine or mandatory supervision revocation restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4, that may be collected by the agency designated pursuant to subdivision (b) of Section 2085.5 by the board of supervisors of the county in which the prisoner is incarcerated." (Italics added.)

In this case, the trial court sentenced Schwartz to three years in county jail pursuant to section 1170, subdivision (h). The court did not impose a sentence that included a period of parole, postrelease community supervision, or mandatory supervision. Thus, the trial court's imposition of a supervision revocation fine pursuant to section 1202.45 was unauthorized and must be stricken. (See *People v. Cruz* (2012) 207 Cal.App.4th 664, 672, fn. 6 [stating that a defendant sentenced to county jail pursuant to section 1170, subdivision (h) "is not subject to a parole revocation restitution fine" pursuant to section 1202.45].)

9

C.  *The trial court's imposition of a postjudgment protective order pursuant to section 136.2 was unauthorized and must be stricken*

Schwartz argues that the trial court's imposition of a postjudgment protective order pursuant to section 136.2 was unauthorized and must be stricken. The People concede that the protective order is unauthorized and agree that it should be stricken. We order the protective order stricken.

Section 136.2, subdivision (a) "authorizes issuance of a protective order *during the duration of criminal proceedings*." (*People v. Robertson* (2012) 208 Cal.App.4th 965, 996, italics added (*Robertson*).) Section 136.2, subdivision (i) authorizes the imposition of a *postjudgment* protective order in cases in which the defendant has been convicted of certain domestic violence crimes or crimes requiring sex offender registration.[7] No other subdivision of section 136.2 authorizes the imposition of a postjudgment protective order. A defendant may raise a challenge to the imposition of an unauthorized protective order on appeal, notwithstanding the failure to object in the trial court. (*Robertson*, *supra*, at p. 995.) Where a trial court imposes such an unauthorized protective order, the appellate court must strike the unauthorized order. (*Id.* at p. 996.)

In this case, the trial court imposed a postjudgment protective order pursuant to section 136.2, despite the fact that Schwartz was not convicted of a qualifying offense

---

7  Section 136.2, subdivision (i) provides in relevant part: "(1) In all cases in which a criminal defendant has been convicted of a crime involving domestic violence as defined in Section 13700 or in Section 6211 of the Family Code, a violation of Section 261, 261.5, or 262, or any crime that requires the defendant to register pursuant to subdivision (c) of Section 290, the court, at the time of sentencing, shall consider issuing an order restraining the defendant from any contact with the victim."

under section 136.2, subdivision (i).  Accordingly, we conclude that the trial court's imposition of a postjudgment protective order pursuant to section 136.2 was unauthorized and must be stricken.

## IV.

## DISPOSITION

The supervision revocation fine imposed pursuant to section 1202.45 and the protective order imposed pursuant to section 136.2 are stricken.  In all other respects, the judgment is affirmed.  The matter is remanded to the trial court with directions to prepare a corrected abstract of judgment and forward the corrected abstract to the San Diego County Sheriff's Department.

AARON, J.

WE CONCUR:

BENKE, Acting P. J.

HUFFMAN, J.

11